131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Valeriano Demetrio ROMANI-ASTUHUAMAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70187.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997**
Filed Nov. 21, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, Ins. No. Aet-ogx-lve
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Valeriano Demetrio Romani-Astuhuaman, a native and citizen of Peru, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his request for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction under 8 U.S.C. § 1105a(a). We review claims of due process violations in deportation hearings de novo. See Getachew v. INS, 25 F.3d 841, 845 (9th Cir.1994).
 
 
 3
 Because the IJ failed to give Romani-Astuhuaman a full and fair hearing, and Romani-Astuhuaman was prejudiced by the deprivation of his due process rights, we remand. See id. During the asylum hearing, the IJ interrupted Romani-Astuhuaman's testimony, and his questioning improperly directed Romani-Astuhuaman's testimony on critical issues.[1] The IJ prevented Romani-Astuhuaman from developing evidence as to the Sendero Luminoso's pattern and practice of persecuting people similarly situated to Romani-Astihuaman, which Romani-Astuhuaman began to raise by testifying that his cousins and two other community leaders were killed by the Sendero Luminoso. See 8 C.F.R. § 208.13(b)(2)(i) (applicant not required to show he was singled out for persecution if he establishes a pattern or practice of persecution of persons similarly situated);Singh v. INS, 94 F.3d 1353, 1359 (9th Cir1996). The IJ also prevented Romani-Astuhuaman from developing evidence as to his own political opinion, or whether the Sendero Luminoso imputed a political opinion to him, which Romani-Astuhuaman began to raise by testifying about the community offices he held and his public speaking in favor of democracy. See Sangha v. INS, 103 F.3d 1482, 1488-90 (9th Cir.1997).
 
 
 4
 Because Romani-Astuhuaman established prejudice from the IJ's denial of his right to a full and fair asylum hearing, we grant the petition for review and remand to the BIA for proceedings consistent with this memorandum.[2]
 
 
 5
 PETITION FOR REVIEW GRANTED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 136-3
 
 
 [1]
 Romani-Astuhuaman did not waive this issue because he raised it in his appeal to the BIA
 
 
 [2]
 Because we remand for further proceedings, we do not reach Romani-Astuhuaman's contentions that the BIA erred when it decided that he was not eligible for asylum or withholding of deportation